# IN THE SUPREME COURT OF THE STATE OF NEVADA

GLORIA F. TINGLING; AND THE
GLORIA F. TINGLING 2007 TRUST,
Appellants,
vs.
PHILIP FAIRWEATHER; AND THE
TINGLING FAMILY TRUST,
Respondents.

No. 82019

FILED

OCT 15 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court judgment on a short trial decision in a real property action. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.

Respondent Philip Fairweather brought the underlying action for the partition and sale of real property he jointly owned with appellant Gloria Tingling. Tingling's counterclaims likewise sought partition and an accounting. The parties pursued their claims in the court-annexed arbitration program. The arbitrator ordered the sale and partition of the property and found Fairweather owed Tingling a portion of his proceeds from the sale. Tingling requested a trial de novo and the case went to the short trial program. That judge ordered the property sold and the proceeds partitioned, and also found that Fairweather owed Tingling money out of the sale proceeds, albeit less than the arbitrator had found. The district court entered a final judgment and denied Tingling's later motion to alter or amend that judgment. On appeal, Tingling argues the district court erred by finding the short trial judge acted within his authority under the short trial rules.

SUPREME COURT
OF
NEVADA

(O) 1947A

21-29655

First, to the extent Tingling attempts to challenge the case's arbitrability and the arbitrator's authority, we cannot review these issues. NAR 5 provides the procedure for challenging a case's arbitrability, which starts with a party claiming an exemption that the commissioner must first review. NAR 5(A), (D). Thereafter, the issue goes to the district court judge who "shall make all final determinations regarding the arbitrability of a case . . . . The district judge's determination of such an issue is not reviewable." NAR 5(E). NAR 8(B) uses a similar procedure for challenges to an arbitrator's authority: such challenges "shall be filed with the commissioner," with the district court having the "non-reviewable power to uphold, overturn or modify the commissioner's ruling" on such challenges. NAR 8(B). Here, Tingling did not use these processes and, even if she had, the rules prohibit any review of the district court's decisions.

Tingling also argues that reversal is warranted because the case should not have been included in the short trial program. While any party may file a written demand to remove a case from the short trial program, NSTR 5(a)(1), Tingling did not, and she therefore waived this appellate argument.[1] *See* NSTR 5(c) ("A party's opportunity to remove a case from the short trial program is waived if that party fails to timely file and serve a demand to remove the case . . . ."). Because Tingling does not

---

[1]We note this case was properly in the short trial program as NSTR 4(a)(1) mandates participation in that program where a party requests a trial de novo after court-annexed arbitration. And although Tingling argues Fairweather had the burden to remove the case from the short trial program, NSTR 5(a) allows "[a]ny party" to demand removal with no corollary rule defining instances where a party must seek removal.

otherwise challenge the district court's judgment, we necessarily affirm the judgment in whole. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, C.J.
Hardesty

_____, J.          _____, Sr. J.
Stiglich                                            Gibbons

cc:   Hon. Joanna Kishner, District Judge
      Charles K. Hauser, Settlement Judge
      Cory Reade Dows & Shafer
      Joseph W. Houston, II
      Eighth District Court Clerk

_____

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.